**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000482
25-SEP-2018
11:03 AM**

NO. CAAP-18-0000482

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
HARDY AH PUCK, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 2CPC-17-0000884)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of Defendant-Appellant Hardy Ah Puck's
(Ah Puck) appeal in appellate court case number CAAP-18-0000482,
it appears that we lack appellate jurisdiction over Ah Puck's
appeal from the Honorable Joseph E. Cardoza's March 1, 2018
judgment of conviction for promoting a detrimental drug in the
second degree in violation of HRS § 712-1248 (2014) in circuit
court criminal case number 2CPC-17-0000884, because neither the
March 1, 2018 judgment nor any prior orders adjudicate the other
three remaining counts in Plaintiff-Appellee State of Hawaii's
November 14, 2017 felony information and non-felony complaint
that alleged the following four counts:

> (1) promoting a controlled substance in, on, or near
> schools, school vehicles, public parks, or public
> housing projects or complexes in violation of
> HRS § 712-1249.6 (2014);

(2)     promoting a detrimental drug in the second degree in violation of HRS § 712-1248 (2014);

(3)     promoting a detrimental drug in the third degree in violation of HRS § 712-1249 (2014); and

(4)     prohibited acts related to drug paraphernalia in violation of HRS § 329-43.5 (Supp. 2017).

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The statutory law that allows defendants to appeal from circuit court criminal cases is HRS § 641-11 (2016), which provides that "[a]ny party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court. The sentence of the court in a criminal case shall be the judgment." Thus, "[u]nder HRS § 641-11, the sentence of the court in a criminal case is the judgment from which an appeal is authorized[,]" and where "[t]here [is] no conviction and sentence in . . . [a] case, there can be no appeal under HRS § 641-11[.]" State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (internal quotation marks and citations omitted); State v. Johnston, 63 Haw. 9, 11, 619 P.2d 1076, 1077 (1980) (Dismissing an appeal for lack of appellate jurisdiction where a defendant had filed a notice of appeal from an order denying the defendant's motion to dismiss an indictment, even though the circuit court later entered a judgment with a sentence, because "such an order is interlocutory and is not a final order or judgment. It is therefore not one that is appealable under HRS § 641-11."); State v. Ferreira, 54 Haw. 485, 486-87, 510 P.2d 88, 89 (1973) (Dismissing an appeal from a "judgment of conviction [that] does not include any sentence imposed upon the defendant[.]").

Nevertheless, not all criminal charges necessarily result in a judgment of conviction and a sentence, and, thus, in a recently published opinion, the Supreme Court of Hawai'i has

"focused the inquiry on whether the relevant order terminated the proceedings in the case and left nothing further to be accomplished by the lower court." Nicol, 140 Hawai'i at 492, 403 P.3d at 269. For example, the Nicol court held that "HRS § 641-11 authorizes a defendant's appeal in a criminal matter from a circuit court order dismissing the proceedings without prejudice." Id. at 494, 403 P.3d at 271 (footnote omitted).

In the instant case, the circuit court has not entered any order or judgment that has adjudicated Count 1, Count 3 and Count 4, and, thus, the March 1, 2018 judgment of conviction has not "terminated the proceedings in the case and left nothing further to be accomplished by the lower court." Nicol, 140 Hawai'i at 492, 403 P.3d at 269. Although the record indicates that Ah Puck pleaded no contest to Count 2, the plea form does not address any of the remaining counts. Count 1, Count 3 and Count 4 are still pending before the circuit court for formal adjudication in circuit court criminal case number 2CPC-17-0000884, and the record does not indicate why counsel for Ah Puck and the State failed to address these counts. Absent a final judgment or final order that terminates the proceedings in circuit court criminal case number 2CPC-17-0000884, leaving nothing further to be accomplished, Ah Puck's current appeal from the ongoing proceeding is premature, and we lack appellate jurisdiction. We note that Deputy Public Defender Benjamin E. Lowenthal (attorney number 8645) is still the counsel of record for Ah Puck in this matter before the circuit court and is, therefore, currently responsible for ensuring that Ah Puck pursues appellate review, if any, at an appropriate time and in an appropriate manner under the controlling law.

//

//

-3-

Accordingly, IT IS HEREBY ORDERED appellate court case number CAAP-18-0000482 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, September 25, 2018.

Presiding Judge

Associate Judge

Associate Judge